Shaw, Judge,
concurring in judgment only.
{¶ 30} I do not concur in the portions of the majority opinion applying by analogy the Second District Court of Appeals decision in Gilbert to the present case. On the contrary, I believe that the number of police officers involved in the original stop and arrest is a crucial factor in these cases. In this case, we have a single police officer with two individuals in a stopped vehicle in a remote location at 2:00 a.m. The driver of the stopped vehicle has been removed from the vehicle, arrested, and placed in the cruiser. The female passenger remains alone and unchecked in the stopped vehicle for several minutes while the officer processes the driver.
{¶ 31} The driver has informed the police officer that the female passenger does not have a driver’s license. As a result, the officer had to necessarily make a decision about whether to impound the vehicle and/or transport the passenger *756 somewhere, or leave both car and passenger by the side of the road at the remote location at 2:00 a.m. Having secured the driver, the officer surely had the right to approach the passenger to verify her identity, her license status, and her ability to obtain separate transportation apart from the stopped vehicle or the police cruiser.
{¶ 32} It is significant to me that the officer at this point would not know what the passenger’s reaction would be to the fact that the defendant has been arrested and that she will not be permitted to drive the car anywhere else. If the officer intended to transport the passenger in his cruiser, the cases cited by the majority would clearly support the officer’s right to search her purse first. However, even under the limited testimony presented in this case, it is my view that a prudent police officer would be justified in checking the passenger’s purse for his own safety when approaching the passenger in order to make any of the foregoing decisions. And in any event, in deciding whether to impound the vehicle or merely secure it to be left on the side of the road, some examination of the vehicle could be in order for the same reason.
{¶ 33} The only reason that I concur in the judgment reached in this case, despite the foregoing reservations, is that in this rather unique instance, none of these circumstances are testified to or otherwise explained in the record. On the contrary, the officer in this case specifically testified that he was not concerned for his safety at any time, that he had decided not to impound the vehicle, and we do not know from the record whether the passenger was transported by the police officer or left with the car at the scene of the stop — or whether the officer even contemplated making any of these decisions in conjunction with his search of the purse.
{¶ 34} For these reasons, I concur in the judgment reached in this particular case.